LEO STERN and BENJAMIN LOWENSTERN, Copartners, Doing
Business under the Firm Name and Style of STERN &
LOWENSTERN, Respondents, *v.* GAGE BROTHERS & COMPANY,
INCORPORATED, an Illinois Corporation, Appellant.

First Department, April 8, 1921.

Sales — action to recover balance of purchase price — trial — when
adjournment for short time to enable defendant to produce
material evidence should be granted — admission by defendant
as to price per yard of cloth purchased — recovery cannot be had
where plaintiff fails to prove number of yards.

In an action to recover the purchase price of silk cloth sold to the defendant
the answer put in issue the allegations of the complaint and pleaded
a counterclaim in which it was admitted that the contract was for the sale
of fifty pieces of silk goods each containing sixty yards, at one dollar
and thirty-five cents per yard. The counterclaim was withdrawn at
the commencement of the trial, but the court ruled that the allegations
therein constituted an admission by the defendant that it agreed to
purchase from the plaintiffs fifty pieces of goods at one dollar and thirty-
five cents per yard, and the plaintiffs relying upon this as an admission
made no further proof with respect to the contract. The plaintiffs' proof
tended to show delivery to the railroad company at a certain hour of a case
of goods containing the cloth and that a case of goods containing the quan-
tity stated would weigh from 400 to 450 pounds. The defendant endeavored
to prove by agents of the railroad that the case did not weigh more than
300 pounds and was not delivered for several hours after the time claimed
by the plaintiffs, but this evidence was excluded on the ground that the
witnesses testifying as to the weight could not testify of their own
knowledge but merely from the records of the railroad company.

*Held,* that an application made by the defendant for an adjournment for a
few hours to enable it to show the time when the goods were received by
the carrier and the weight of the case should have been granted.

If the defendant had been permitted to show that an employee or employees
of the truckman had possession of the case for upwards of four hours
longer than plaintiffs claimed, and that the case weighed only 300 pounds
when delivered to the carrier, that would have been cogent evidence either
that fifty pieces were not packed in the case or that the pieces were much
smaller in yardage than was contemplated by the contract and than
the yardage for which the plaintiffs recovered, or that about two-fifths of
the goods had been removed from the case before it was delivered to the
defendant by delivery to the carrier.

The plaintiffs were not entitled to recover, however, since they failed to prove the number of yards of silk placed in the case; that was essential since they relied solely on the admission of the defendant that the purchase price of the goods was one dollar and thirty-five cents per yard.

APPEAL by the defendant, Gage Brothers & Company, Incorporated, from a judgment of the Supreme Court in favor of the plaintiffs, entered in the office of the clerk of the county of New York on the 8th day of June, 1920, on the verdict of a jury for $2,372.03, rendered by direction of the court, and also from an order entered in said clerk's office on the 24th day of June, 1920, denying defendant's motion for a new trial made upon the minutes.

*Leonard J. Obermeier* of counsel [*Baker & Obermeier,* attorneys], for the appellant.

*Oswald N. Jacoby* of counsel [*Louis Halle,* attorney], for the respondents.

LAUGHLIN, J.:

Plaintiffs, comprising the copartnership firm of Stern & Lowenstern, brought this action to recover of the defendant, an Illinois corporation, a balance of the purchase price of silk goods sold and delivered. The answer put in issue the allegations of the complaint with respect to the sale and delivery of the goods, which were not paid for, and pleaded a counterclaim based on a contract alleged to have been made on the same day as the contract of sale, on which the action is founded, by which plaintiffs agreed to sell and deliver to the defendant fifty pieces of silk goods, each containing sixty yards, at one dollar and thirty-five cents per yard, under which it alleged that plaintiffs delivered thirty pieces but failed to deliver the remaining twenty pieces. The counterclaim was withdrawn at the commencement of the trial. At the request of the plaintiffs the court ruled at the outset that the allegations in the counterclaim constituted an admission by the defendant that it agreed to purchase of the plaintiffs fifty pieces of goods at one dollar and thirty-five cents per yard. The plaintiffs relied upon that and made no further proof with respect to the contract or to when or how the goods were to be delivered. Plaintiffs' shipping clerk testified that on the 23d of October, 1919, he assisted in

packing fifty pieces of taffeta silk goods in a wooden case, made of inch or inch and a quarter boards about thirty-eight inches long and wide and thirty-three or thirty-four inches high and that when the fifty pieces were in the box, there was a space of ten or twelve inches on top, which was larger than it should have been for a shipment of that size, and that some pieces of boards were put in the case on top of the silk so that it would not shake and nailed down tight against the goods, and that the case was then covered with boards of the same kind of which it was made and they were firmly nailed and quarter inch wire was wound around the outside of the box each way and nailed, it was then addressed by writing on it with a brush and black ink, " Gage Brothers, Chicago, Illinois;" that when this was finished it was late in the afternoon and the box remained in the plaintiffs' place of business until the next morning between nine and ten o'clock, when it was delivered to a representative of the Faultless Trucking Company, which did all the trucking for the firm, by taking and placing it opposite the plaintiffs' place of business on the sidewalk in front of the office of the trucking company on Thirty-first street near Fourth avenue, and that the box had not been opened in the meantime. The plaintiff Lowenstern testified that he checked the goods as they were packed into the box on October twenty-third, and that there were fifty pieces about thirty inches wide wrapped in regular silk wrappers and numbered corresponding with the charge ticket which he held and used in checking them; that Jacobs called off the piece numbers and yardages and he compared them with the charge ticket, and that after the fifty pieces had been placed in the case, the remaining space was packed and the box was closed, fastened and addressed as Jacobs stated; and that it was likewise written on the box that it was from the plaintiffs, and that their number of the case, 1159, was also marked on the box; that at the same time he filled in in triplicate blank memoranda, somewhat in the form of a bill of lading, specifying the date, the consignee, destination, the consignor and the description of the goods as one case of dry goods, number 1159. One memorandum bearing the stamp, " United States R. R. Administration, Lehigh Valley R. R. Received Oct. 24, 1919, Pier 66, N. R., N. Y.," was received in evidence.

Lowenstern further testified that the case was left in the plaintiffs' place of business that night and he locked the door, and only he and his partner had keys, and that the case appeared to be in the same condition the next morning; that they did not weigh the case but that a case of fifty pieces would weigh from 400 to 450 pounds; that on receiving complaint from the defendant that the case was short twenty pieces, plaintiffs made a claim against the carrier for the loss thereof. On objection interposed by the counsel for the plaintiffs, defendant was not permitted to show what resulted from the plaintiffs' making the claim against the carrier and it duly excepted. That became immaterial for, without any evidence as to what the contract was in that regard, the court ruled that the delivery to the carrier was delivery to defendant, and its attorney after at first objecting finally acquiesced in the ruling. An employee of the trucking company testified that he receipted to the plaintiffs for the case, closed and secured as claimed by them, on the morning of the twenty-fourth, and assisted in taking it across the street and placing it on the sidewalk in front of the trucking company's office; but his only recollection with respect to the date was from his boss coming to him and stating that a case was stolen or lost and on his inquiring how the boss knew that he took it out, he was shown a receipt dated October twenty-fourth, with his name on it. The witness admitted that he had been convicted by the Court of Special Sessions in New York of petit larceny two years before and imprisoned therefor seventeen months. Plaintiffs' stock clerk testified that he assisted Jacobs in packing the fifty pieces of goods and checked them off as they were put into the case, and that the case was closed and fastened as already stated and left there that night, and that it appeared to be in the same condition the next morning when it was taken out. A public truckman, conducting business under the name of the Faultless Trucking Company, testified that the case, closed and fastened as already stated, was brought over from plaintiffs' place of business and placed on the sidewalk on the morning of October twenty-fourth and put on a truck driven by one Mauer for shipment; and that the plaintiffs made complaint to him of the loss of these goods and had made a complaint

to him before that goods had been lost while in his possession. Mauer testified that he drove the truck with the case to the Lehigh Valley pier No. 66, at the foot of Twenty-seventh street, and left it there in the same condition in which he received it, about twenty-five minutes before eleven in the morning; that it was fastened as already described, and that he delivered the memoranda which have been described, in triplicate to the checker of the carrier, who retained one and stamped and signed the other two and returned them to him; that the freight traffic on the railroads was very heavy at that time, and that the case was not weighed at the pier before he left. This is the substance of all the material evidence offered by the plaintiffs. Defendant moved to dismiss the complaint on the ground that delivery to it had not been shown. The court ruled that delivery to the carrier was delivery to the defendant. The record shows that at this point counsel for the plaintiffs stated, "$2,319.85, with interest from January 2nd, 1920, the interest is $46.38," whereupon the court remarked, "Subject to correction." Defendant then called the assistant to the agent of the Lehigh Valley Railroad Company at pier 66, and he testified that he knew something about this case. He was then asked at what time of day it was received at the pier and he said that he did not receive it personally but he had the records and that he could only testify from what the records showed. He was asked to examine the records and see if he could tell when the case was received, whereupon the court asked whether the records were in his handwriting, and on his answer in the negative the court excluded the evidence. The witness produced the copy of the bill of lading, being the memorandum delivered to the carrier by the cartman, and it was offered in evidence and objected to on the ground that it purported to have on it writings not there when it was delivered by the plaintiffs. Evidently the only additional writing was the weight of the case, which was written in as 300 pounds. The court received it but excluded the weight. The witness was then asked whether the time of the receipt of a case of goods is marked on the paper when it is received, but the court, on plaintiffs' objection, excluded it as immaterial and ruled that all it was necessary for the plaintiffs to show was delivery to the carrier in good condition, and that the time of delivery

First Department, April, 1921.        [Vol. 196

made no difference. Counsel for the defendant said that he had a right to refute the testimony that the case was delivered in the morning. The court ruled that such evidence was immaterial but that the defendant might offer evidence to negative the testimony that the case was delivered in good condition and could offer no other evidence and gave defendant an exception and refused to hear further argument thereon. The witness further testified that it was not the custom to weigh goods as soon as received but that they were weighed before being loaded on the cars and that he knew by the records of the carrier when the case was loaded onto the car for shipment. He was asked how much the case weighed when placed on the car, and this was objected to and excluded evidently on the ground that the witness only knew from the records. The witness was further asked whether he sent on to the point of destination a charge slip for the weight of the merchandise. This was objected to and sustained. Counsel for defendant thereupon stated that he was trying to establish " the weight of the case when it was received " by the carrier. The court ruled that that was immaterial and subsequently announced that in view of the witness' testimony that the case was not weighed until put on the car, the defendant could not show its weight, and gave defendant an exception. At this stage of the trial, counsel for the defendant requested an adjournment until two o'clock in the afternoon to enable him to show when the case was received by the carrier and its weight at that time. The court refused to grant an adjournment and directed him to proceed with the case. Defendant proceeded to read the deposition of one Skinner, a teamster in the employ of the defendant in Chicago. His testimony with respect to receiving this case of goods from the carrier at Chicago and its weight was excluded, as was also other testimony by deposition with respect to the contents of the case when received by the defendant in Chicago, including testimony showing that the space in the box above the goods was not filled as claimed by the plaintiffs, and the weight and yardage of the silk. Counsel for the defendant then informed the court that he expected to be able to prove by the assistant manager of the carrier the time when the case was delivered to it and its weight when received, and that this evidence would show that there could

not have been fifty pieces of goods in the box as claimed by the plaintiffs and that the case was not received until three o'clock that afternoon and weighed only approximately 300 pounds, and that he relied on making this proof by the witness he had called but that he had been blocked in so doing. The court announced that the subject had been ruled on and that defendant had been given the benefit of an exception, and asked if the defendant had any further proof and was informed that it had not just then. The court thereupon announced that the defendant rested. Plaintiffs then moved for· a direction of a verdict for $2,372.03. The motion was granted and the defendant excepted.

We are of opinion that in the circumstances the court should have granted the indulgence with respect to an adjournment for the very short time requested, and the plaintiffs, having objected to the evidence of what was shown by the records of the carrier, should have joined in the request. If the defendant had been permitted to show that an employee or employees of the truckman had possession of the case for upwards of four hours longer than plaintiffs claimed, and that the case weighed only 300 pounds when delivered to the carrier, that would have been very cogent evidence either that fifty pieces were not packed in the case or that the pieces were much smaller in yardage than was contemplated by the contract and than the yardage for which the plaintiffs have recovered, or that about two-fifths of the goods had been removed from the case before it was delivered to the defendant by delivery to the carrier. There appears to have been no reason to question the good faith of the application for this short postponement, and it is evident that the witness who was on the stand had the original records of the carrier showing the facts as claimed by the defendant. It is not, however, necessary to decide whether we would be warranted in reversing on this ground, for evidently owing to the hasty manner in which the trial was conducted, plaintiffs failed to prove the yardage of the silk placed in the case. That was essential since they relied solely on the admission of the defendant contained in its counterclaim that the purchase price of the goods was one dollar and thirty-five cents per yard. There is no evidence as to the number of yards in all or any of the fifty pieces claimed

to have been packed in the case, and it is quite evident that the pieces might have contained much less than that yardage. Counsel for the respondents argues in effect that counsel for the appellant should have objected to the statement by plaintiffs' counsel of the amount claimed, and should have moved to dismiss, and should have objected to the direction of a verdict on this ground. In the circumstances, plaintiffs after having succeeded in preventing the defendant from having the benefit of evidence which evidently existed and would have presented an issue of fact for the jury, are not in a position to complain that counsel for the defendant did not assist them in proving their cause of action; and his failure to point out the specific omission in the plaintiffs' proof cannot be deemed to supply the necessary evidence. The plaintiffs knew before the action was brought that the defendant claimed that it had not received all of the goods, and it was incumbent on the plaintiffs to show the delivery to the carrier of the precise number of yards of goods on which it claimed a right to recover. That it did not do and, therefore, the recovery cannot stand.

It follows that the judgment and order should be reversed and a new trial granted, with costs to appellant to abide the event

CLARKE, P. J., SMITH, PAGE and GREENBAUM, JJ., concur.

Judgment and order reversed and new trial ordered, with costs to appellant to abide event.